**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ThermoLife International, LLC, an Arizona limited liability company,

          Plaintiff,

vs.

Gaspari Nutrition, Inc., a New Jersey corporation; Richard Gaspari, a New Jersey resident; Daniel Pierce, a New Jersey resident; and Bruce Kneller, a New Jersey resident,

          Defendants.

No. CV 11-01056-PHX-NVW

**ORDER**

Before the Court is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 9(b) and 12(b)(6) (Doc. 10), Plaintiff's Request for Entry of Default Against Gaspari Nutrition, Inc. On Counts I, II, IV, and V (Doc. 14), and the parties' Joint Memorandum Regarding Discovery Dispute (Doc. 32).

**I.    Background**

Plaintiff ThermoLife International, LLC ("ThermoLife") and Defendant Gaspari Nutrition, Inc. ("Gaspari") are both suppliers of dietary supplements. Individual Defendants Richard Gaspari, Daniel Pierce, and Bruce Kneller have all been employed by Gaspari. Plaintiff claims that Gaspari falsely and misleadingly marketed and sold products that were not compliant with the federal Dietary Supplement Health and Education Act of 1994 ("DSHEA"). Specifically, Plaintiff claims that Gaspari sold and marketed a product called

1  Novedex XT as being DSHEA compliant when it was not actually DSHEA compliant.  On

2  September 9, 2010, the FDA issued a formal action stating that Novedex XT was not

3  DSHEA compliant because it contained aromatase inhibitors that could cause potential

4  adverse effects in users.  On October 7, 2010, Gaspari issued a recall of Novedex XT.

5  Additionally, Plaintiff claims that Gaspari falsely advertised its Halodrol Liquigels

6  and Halodrol MT products as being DSHEA compliant.  On October 6, 2010, the FDA issued

7  a formal enforcement report stating that Gaspari's Halodrol products were not DSHEA

8  compliant and would accordingly be recalled.  Plaintiff further claims that Gaspari falsely

9  advertised that its Halodrol products contained 95% 3,4-divanillytetrahydrofuran. However,

10 Plaintiff tested material that was marketed and sold as 95% 3,4-divanillytetrahydrofuran and

11 concluded that the material it had tested was not in fact 95% 3,4-divanillytetrahydrofuran.

12 From this, Plaintiff extrapolates that the commercial production of 95% 3,4-

13 divanillytetrahydrofuran was cost prohibitive, and that Gaspari's Halodrol products could not

14 actually contain 95% 3,4-divanillytetrahydrofuran.

15 Plaintiff also raises issues related to Gaspari's advertisement of its SuperPump 250

16 product.  Plaintiff claims that Gaspari advertised that the SuperPump 250 contained an

17 ingredient called Turkesterone, although there is not actually any Turkesterone in the

18 SuperPump 250.  Alternatively, Plaintiff claims that if there is some amount of Turkesterone

19 in the SuperPump 250, it exists in such trace amounts as to be ineffective; accordingly,

20 Defendant falsely advertised that the SuperPump 250 contained effective levels of

21 Turkesterone.  Plaintiff claims that it has been harmed by Gaspari's false and misleading

22 advertisements of all of these products through a direct diversion of ThermoLife's sales and

23 a lessening of the goodwill associated with its products.

24 Finally, Plaintiff alleges that Gaspari improperly prevented ThermoLife from

25 maintaining exhibiting at the Mr. Olympia bodybuilding competition and trade show, which

26 was held on September 25-26, 2009, by contacting organizers of the Mr. Olympia

27 competition and threatened to pull its advertising if ThermoLife was allowed to exhibit at the

28 event.  Plaintiff claims Gaspari's actions caused Plaintiff to lose business opportunities and

1    unrecoupable costs it had expended in anticipation of attending the competition.

2        ThermoLife's complaint raises five causes of action related to these allegations: (1)

3    False Advertising Under 15 U.S.C. § 1125(a)(1)(B) - Against Gaspari; (2) Common Law

4    Unfair Competition - Against Gaspari; (3) Violation of A.R.S. §§ 13-2301 *et seq.* – Against

5    Richard Gaspari, Daniel Pierce, and Bruce Kneller; (4) Tortious Interference with Business

6    and Business Expectancy; and (5) Unjust Enrichment.

7    **II.    Legal Standard**

8        **A.    Rule 12(b)(6), Federal Rules of Civil Procedure**

9        On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact

10   are assumed to be true and construed in the light most favorable to the nonmoving party.

11   *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Dismissal under Rule 12(b)(6) can

12   be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged

13   under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

14   Cir. 1990).  To avoid dismissal, a complaint must contain "only enough facts to state a claim

15   for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  The principle that a court

16   accepts as true all of the allegations in a complaint does not apply to legal conclusions or

17   conclusory factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 239 S. Ct. 1937, 1951

18   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

19   conclusory statements, do not suffice." *Id.* at 1949.  "A claim has facial plausibility when

20   the plaintiff pleads factual content that allows the court to draw the reasonable inference that

21   the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin

22   to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

23   has acted unlawfully." *Id.*  To show that the plaintiff is entitled to relief, the complaint must

24   permit the court to infer more than the mere possibility of misconduct.  *Id.*

25

26

27

28

### B.        Rule 9(b), Federal Rules of Civil Procedure

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Further,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks, alteration marks, and citations omitted).

## III.    Motion to Dismiss

Defendant has moved to dismiss Plaintiff's RICO claim for failing to plead fraud with particularity under Fed. R. Civ. P. 9(b) and for failing to state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6). Defendant also seeks dismissal of Plaintiff's complaint in its entirety for failing to plead fraud with particularity under Fed. R. Civ. P. 9(b), on the theory that because Plaintiff's RICO count and the underlying facts of the complaint sound in fraud, the whole complaint must satisfy the Fed. R. Civ. P. 9(b) pleading standards.

### A.        RICO Count

In order to state a claim under Arizona's RICO statute, A.R.S. §§ 13-2301 *et seq.*, Plaintiff must allege Defendants engaged in a "pattern of racketeering activity . . . defined as '[a]t least two acts of racketeering' that are 'related' and 'continuous'[.]'" *Lifeflite Med. Air Transport, Inc. V. Native Amer. Air Servs., Inc.*, 198 Ariz. 149, 151-52, 7 P.3d 158, 160-61 (Ct. App. 2000) (citing *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229,

241-42 (1989)); *see also* A.R.S. § 13-2301(D)(4) (defining unlawful activities that constitute "racketeering acts" when committed for financial gain). To establish the necessary continuity element, Plaintiff may allege either open-ended continuity—meaning "past conduct that by its nature projects in the future with a threat of repetition"—or close-ended continuity, meaning "a closed period of repeated conduct." *See Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004); A.R.S. § 13-2314.01(T)(3)(iii).

"'Where the predicate racketeering acts of a RICO claim sound in fraud, . . . the pleading of those predicate acts must satisfy the particularity requirement of [Federal Rule of Civil Procedure] 9(b)' . . . which provides that in 'all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity.'" *Laron, Inc. V. Constr. Resource Servs., LLC,* 2007 WL 1958732, *5 (citing *Wasserman v. Maimonides Med. Ctr.*, 970 F. Supp. 183, 187 (E.D.N.Y. 1997)). A plaintiff must "state the time, place, and specific content of the false representations as well as the identifies of the parties to the misrepresentation" in order to sufficiently plead fraud with particularity. *Odom v. Microsoft Corp.*, 2007 WL 1297249, at *12 (9th Cir. 2007). Further, where a plaintiff names multiple defendants, it must "identify the role of each defendant in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 765. "Allegations made on 'information and belief' are not sufficient 'unless the complaint sets forth the facts on which the belief is founded.'" *Laron*, 2007 WL 1958732 at *5 (citing *In re Worlds of Wonder Secs. Litigation*, 694 F. Supp. 1427, 1432-33 (N.D. Cal. 1988)).

Plaintiff here asserts that the individual Defendants' unlawful predicate acts include "asserting false claims" and conducting "a scheme or artifice to defraud." (Doc. 1 at ¶141 (citing A.R.S. § 13-2301(D)(4)(b)(xv),(xx)). Plaintiff alleges the individual Defendants "knowingly, intentionally, and falsely" made statements that "Gaspari's products are DSHEA complaint . . . contain raw materials . . . that are not found in Gaspari's products... and that anyone who alleges otherwise is not truthful." (*Id.* at ¶ 143.) Although these claims clearly sound in fraud, Plaintiff's RICO count does not contain specific enough allegations to make out a claim under RICO with the particularity required by Rule 9(b). While there are

1   allegations related to specific allegedly false statements scattered throughout the complaint,
2   Plaintiff has not sufficiently linked those allegations specifically to the RICO count in order
3   to make clear which statements support Plaintiff's RICO claim and which statements support
4   Plaintiff's other state law and Lanham Act claims.  Further, Plaintiff has not sufficiently
5   alleged when and in what forum these alleged false statements were made.

6          Plaintiff has also failed to state a plausible claim for relief under Arizona's RICO
7   statute.  While the complaint alleges facts that plausibly support Plaintiff's claims for alleged
8   state law and Lanham Act violations, it does not allege facts which comfortably fit within the
9   parameters of a RICO claim.  For example, Plaintiff's complaint has not identified when the
10  alleged predicate activities occurred, beyond stating that at least two of the false statements
11  were made within the last five years (Doc. 1 at ¶ 142), making it difficult to ascertain whether
12  Defendants' allegedly unlawful conduct was sufficiently continuous.  *See, e.g.*, *Lifelite*, 161,
13  152 (citing *H.J. Inc.*, 492 U.S. at 242) (noting "[p]redicate acts extending over a few weeks
14  or months and threatening no future criminal conduct do not satisfy'" the continuing activity
15  requirement).  Nor has Plaintiff alleged how Defendants' "predicate misconduct . . . by its
16  nature projects into the future with a threat of repetition," *Turner*, 362 F.3d at 1229,
17  especially considering Plaintiff concedes that Defendants' non-DSHEA compliant products
18  were recalled upon notification by the FDA of their non-compliance and no allegations were
19  made that Defendants continued to advertise their products as being DSHEA-compliant after
20  the FDA determined the products were non-compliant.  Conclusory allegations that
21  Defendants' "false statements are continuous, ongoing and pose a threat of continued
22  unlawful activity" (Doc. 1 at ¶ 147) are insufficient to state a claim for relief.

23         For these reasons, Defendant's motion to dismiss Plaintiff's RICO count (Doc. 10)
24  will be granted.  Plaintiff will be permitted leave to amend by January 13, 2012.

25         **B.     Application of Fed. R. Civ. P. 9(b) to Non-RICO Counts**

26         Defendants also claim that Plaintiff's complaint should be dismissed in its entirety
27  because the underlying factual allegations supporting the complaint sound in fraud.  Plaintiff
28  argues that only its RICO requires a showing of fraud and, accordingly, only the RICO count

1    must be pled with particularity.  Plaintiff further asserts that, to the extent its state law claims

2    and claim for false advertising under the Lanham Act must be pled to the Rule 9(b) standard,

3    the complaint is sufficient under Rule 9(b).

4            While Plaintiff's state law and Lanham Act claims do not require proof of fraud to

5    state a claim for relief, such claims may nonetheless be subject to the heightened pleading

6    standard under Rule 9(b) if the complaint as a whole "sounds in fraud."  *See Vess v.*

7    *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) ("[T]he plaintiff may allege

8    a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis

9    of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and

10   the pleading of that claim as a whole must satisfy the particularity requirement of 9(b).").

11   Further, Ninth Circuit case law also suggests that "misrepresentation claims are a species of

12   fraud, which must meet Rule 9(b)'s particularity requirement." *Meridian Project Sys., Inc.*

13   *v. Hardin Constr. Co., LLC*, 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005); *see also Neilson*

14   *v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (same).  Indeed,

15   many courts have applied Rule 9(b)'s heightened pleading standard to claims for false

16   advertising brought under the Lanham Act.  *See e.g., Collegenet, Inc. v. XAP Corp.*, 2004

17   WL 2303506, *4 (D. Or. Oct 12, 2004) (applying Rule 9(b) to a Lanham Act claim where

18   plaintiff alleged "knowing" and "intentional conduct"); *Max Daet-wyler Corp. v. Input*

19   *Graphics, Inc.*, 608 F.Supp. 1549, 1556 (E.D.Pa.1985) (although Lanham Act claims are not

20   categorically subject to the heightened pleading requirements of 9(b), "the policies which

21   underlie Rule 9(b)'s requirement that the nature of an alleged misrepresentation be pleaded

22   with specificity are equally applicable to the type of misrepresentation claims presented in

23   plaintiff's Lanham Act claim."); *Pestube Systems, Inc. v. HomeTeam Pest Def., LLC*, 2006

24   WL 1441014 (D. Ariz. May 24, 2006) (applying Rule 9(b) to Lanham Act claim where claim

25   was "grounded" or "sounding" in fraud because of allegations of knowing

26   misrepresentations.)

27           Here, Plaintiff's complaint details numerous allegations against Defendants, some of

28   which allege fraud and others of which do not.  *Compare* (Doc. 1 at ¶ 6 (alleging Gaspari

1   "falsely advertis[ed] its products . . . Gaspari kn[ew] or should have known [were] not

2   DSHEA complaint")) *with* (*Id.* at ¶ 143 (alleging that individual Defendants "knowingly

3   [and] intentionally" made false statements about Gaspari's products)).  However, the false

4   statements that make out Plaintiff's state law and Lanham Act claims also appear to be the

5   basis for Plaintiff's RICO claim, wherein Plaintiff alleges the false statements were made

6   knowingly, intentionally, and fraudulently.  It is a fair conclusion, as Plaintiff's claims are

7   currently pled, that Plaintiff alleges Defendants acted in unified conduct of fraud, making the

8   complaint as a whole sound in fraud.  Thus, Plaintiff "must state the time, place and specific

9   content of the false representations as well as the identities of the parties to the

10  misrepresentation" for all of its claims.  *See Schreiber*, 806 at 1401.  Plaintiff will be given

11  leave to amend its complaint to either allege all counts with the particularity required by Rule

12  9(b), or more clearly delineate their claims to make clear which counts relate to and rely upon

13  Defendants' allegedly fraudulent activity and which do not, if a unified conduct of fraud is

14  not, in fact, the basis for Plaintiff's allegations.

15  **IV.   Plaintiff's Motion for Default**

16       In its response to Defendants' motion to dismiss, Plaintiff also requests entry of

17  default against Defendant Gaspari Nutrition, Inc. on Counts I, II, IV, and V (Doc. 14).

18  Plaintiff claims that "[a]lthough Defendants' Motion to Dismiss purports to be filed on behalf

19  of all Defendants, the Motion to Dismiss does not argue that any claim against Gaspari

20  should be dismissed."  (*Id.* at 7.)  Plaintiff further contends that to the extent Gaspari had

21  responded to some of the claims in the complaint, default would still be appropriate for the

22  claims to which Gaspari had not responded (*Id.* at 7, n.3).

23       Contrary to Plaintiff's assertion, Defendants' motion to dismiss was filed on behalf

24  of all Defendants and represents the response of all Defendants (Doc. 10).  Further,

25  Defendants have effectively responded to all of Plaintiff's claims in their motion, which

26  seeks dismissal of Plaintiff's entire complaint on the basis that the complaint sounds in fraud

27  and Plaintiff has failed to plead fraud with the particularity required by Fed. R. Civ. P. 9(b).

28  (*Id.* at 2, n.3.) ("As the gravamen of Plaintiffs' [*sic*] Complaint is a unified course of

1    fraudulent conduct, Plaintiff's entire Complaint—not just the Little RICO claim—is subject
2    to dismissal.").

3          Even if Defendants had failed to responded to one or more claims listed in Plaintiff's
4    complaint, such failure would not be sufficient cause for entry of default as requested.
5    Plaintiff cites *Gerlach v. Michigan Bell Telephone Co.*, 448 F.Supp. 1168, 1174 (E.D.1978)
6    for the proposition that because each claim in a complaint constitutes an independent basis
7    for the suit, a motion to dismiss certain claims should not toll the time to respond to the other
8    allegedly unchallenged claims.  However, the holding in *Gerlach* "is clearly the minority
9    position and the recent authority is clearly opposed to any such holding."  *Pestube Systems,*
10   *Inc. V. HomeTeam Pest Defense, LLC*, No. CV05-2832-PHX-MHM, 2006 WL 1441014, at
11   *7 (D. Ariz. May 24, 2006).  Rather, the majority of courts have expressly held that even
12   though a pending motion to dismiss may only address some of the claims alleged, the motion
13   to dismiss tolls the time  to respond to all claims. *See id.* (collecting cases).  The majority rule
14   recognizes that requiring a defendant to answer some claims raised in the complaint
15   concurrently with a pending motion to dismiss creates the potential for duplicative
16   proceedings if the motion to dismiss were denied, and is therefore more persuasive than the
17   *Gerlach* rule.  *Id.*  For these reasons, Plaintiff's motion for entry of default (Doc. 14) will be
18   denied.

19   **V.    Discovery Dispute**

20         The parties have also filed a joint memorandum regarding a discovery dispute related
21   to Defendant's Response and Objections to Plaintiff's First Set of Requests for Production
22   of Documents (Doc. 32).  Because the Court will dismiss Plaintiff's complaint with leave to
23   amendment, a ruling on the scope of discovery at this stage is premature.  The parties may
24   renew their relevant objections if they arise later in this litigation.

25         IT IS THEREFORE ORDERED that Plaintiff's Request for Entry of Default Against
26   Gaspari Nutrition, Inc. On Counts I, II, IV, and V (Doc. 14) is denied.

27         IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Pursuant to Fed.
28   R. Civ. P. Rule 9(b) and 12(b)(6) (Doc. 10) is granted.

1    IT IS FURTHER ORDERED that Plaintiff may file an amended complaint by January

2  13, 2012.  The Clerk is directed to terminate this case without further order if Plaintiff does

3  not file an amended complaint by January 13, 2012.

4    DATED this 16th day of December, 2011.

5

6  _____

7                  Neil V. Wake
                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28