**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC, | No. CV 11-01056-PHX-NVW |
| Plaintiff, | |
| vs. | **ORDER** |
| Gaspari Nutrition, Inc., | |
| Defendant. | |

Before the Court is Plaintiff/Counterdefendant ThermoLife's Motion to Dismiss Counterclaims (Doc. 52).  This matter arises from allegations of false advertising and unfair competition between two suppliers of dietary supplements.  Gaspari claims that ThermoLife has made various false and disparaging statements about its products, such as that the products are mislabeled, underdosed, spiked, poorly formulated, and pixidusted, and about Rich Gaspari, Gaspari's president.  After review of the briefing on ThermoLife's Motion to Dismiss, the Court gave Gaspari leave to file an amended counterclaim (Doc. 59).  In its amended counterclaim, Gaspari asserts three counterclaims against ThermoLife: (1) False Designations of Origin, False Descriptions, False Advertising, and Unfair Competition – 15 U.S.C. § 1125(a); (2) Unfair Competition Under Arizona Common Law; and (3) Trade Disparagement (Doc. 61).

## I.      LEGAL STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  To avoid dismissal, a

complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Id.* at 678-79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.    ANALYSIS

ThermoLife moves to dismiss Gaspari's counterclaims for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for failure to plead the claims with sufficient particularity under Fed. R. Civ. P. 9(b).

Gaspari asserts its claims based on statements ThermoLife made on both its own website and third-parties' websites. With respect to the statements ThermoLife made on its own website, ThermoLife asserts that Gaspari has failed to state a claim because it has failed to sufficiently allege or provide any factual support for its allegation that ThermoLife's statements are false. However, Gaspari alleges falsity throughout its counterclaim pleading. (*See, e.g.*, Doc. 61 at 37 "ThermoLife's postings are false because [Gaspari] supplements contain 95% 3,4-divanillytetrahydrofuran"; ) Gaspari has alleged that ThermoLife's purportedly actionable statements are false, and in its amended counterclaim also affirmatively alleges that its products contain effective doses and otherwise rebuts the allegedly false statements made by ThermoLife. Gaspari has alleged, for example, both that ThermoLife made a false statement that Gaspari's products are underdose and that Gaspari's products are not underdosed. Dismissal on the basis of failure to sufficiently allege falsity is not warranted.

ThermoLife also asserts that Gaspari's counterclaims related to postings made on its own website are not pled with particularity under Fed. R. Civ. P. 9(b).  The Court concluded in ruling on Gaspari's motion to dismiss ThermoLife's claims that Rule 9(b) applied because ThermoLife was alleging that Gaspari was committing fraud by intentionally falsely marketing its products in order to deceive customers and succeed in the market (Doc. 34).  However, Gaspari's counterclaims sound more in harassment than fraud.  In any event, Gaspari has identified with particularity at least one specific post from April 6, 2012, by Mr. Kramer, ThermoLife's president, wherein Mr. Kramer asserts that Gaspari's Vasotropin products are underdosed, in its original counterclaim (Doc. 47-1).  In its amended counterclaim, Gaspari has identified several more specific postings (*See, e.g.*, Doc. 61 at 37 (referencing message board post from January 27, 2010), 38 (September 3, 2008 post), 39 (September 23, 2008 post), 40 (January 27, 2010 and April 6, 2012 posts)).  Gaspari's counterclaims are pled with sufficient particularity.

The majority of ThermoLife's arguments in favor of dismissal of Gaspari's counterclaims is spent arguing that the May 25, 2012 blog post on a third-party's website is not actionable because it does not fall within the scope of Section 43(a) of the Lanham Act, constitutes mere puffery, and does not include false assertions of objective fact.  These arguments are misplaced.  As ThermoLife acknowledges (Doc. 52 at 9), the statement in the blog post that Gaspari's products are "poorly formulated and pixidusted" does in fact go to the nature, characteristics, and qualities of Gaspari's goods and would accordingly fall within the scope of the Lanham Act.  Further, the statements on the website are not mere puffery; the statements reflect a relatively straightforward, if subjective, report of the Court's order related on a previous motion to dismiss.  While the picture under the headline of the blog post and the headline itself could possibly be considered satire, the article itself cannot be so construed.  ThermoLife's First Amendment analysis of whether any of the statements in the blog post could be construed as false statements of objective fact is inapposite to the claims raised here.  In any event, even if the Court were to exclude the statements from the blog post, Gaspari's claims can

- 3 -

be supported relying on the statements posted on ThermoLife's website disparaging Gaspari's products and Rich Gaspari.

As to the remaining counterclaims, ThermoLife asserts that Gaspari's common law unfair competition claim "fails to identify any actionable conduct that occurred or which caused [Gaspari] harm" (Doc. 52 at 5) and that the counterclaims are barred by the statute of limitations because the actionable statements on ThermoLife's website were made before 2009. However, Gaspari has sufficiently alleged its false advertising claims, and ThermoLife does not challenge that the false advertising claim is actionable as unfair competition under Arizona law. Gaspari has sufficiently alleged falsity of ThermoLife's statements, explained how these statements have damaged Gaspari's reputation and goodwill in the dietary supplement industry, and asserted that these statements have been detrimental to Gaspari's sales and diverted Gaspari customers to ThermoLife and other supplement providers. Further, ThermoLife's argument that the unfair competition claim is barred by the three-year statute of limitations, *see Ranch Realty, Inc. v. DC Ranch Realty, LLC*, 614 F. Supp. 2d 983, 990 (D. Ariz. 2007) fails. Gaspari relies on a post from April 6, 2012 to support its counterclaims, well within the limitations period. However, to the extent the unfair competition claim is premised on ThermoLife's alleged "use of illegal means" (Doc. 61 at 49), Gaspari has failed to sufficiently allege how this conduct constitutes unfair competition or that any conduct within the limitations period is distinct from the allegations underlying the false advertising claims. Therefore, ThermoLife's motion will be granted to the extent that the Court will dismiss Gaspari's allegations of "use of illegal means" to support its unfair competition claim.

ThermoLife challenges Gaspari's trade disparagement claim on the basis that Arizona does not recognize trade disparagement as a cause of action. However, ThermoLife recognizes that the claim is effectively one for trade libel, defined as the "intentional publication of an injurious falsehood disparaging the quality of another's property with resulting pecuniary loss." *Gee v. Pima Cnty.*, 126 Ariz. 116, 116, 612 P.2d 1079, 179 (1980). ThermoLife states this claim should fail because Gaspari "has put

forth no facts to demonstrate that the statements contained in the Blog Post are false." (Doc. 52 at 15.)  However, this assertion overlooks both that (1) Gaspari has asserted that the statements are false and (2) Gaspari relies on both the postings on ThermoLife's own website and the blog post to support its claims.

IT IS THEREFORE ORDERED that Plaintiff/Counterdefendant ThermoLife's Motion to Dismiss Counterclaims (Doc. 52) is granted as to the claim for "use of illegal means" to constitute Gaspari's unfair competition claim, and otherwise denied.

Dated this 28th day of August, 2012.

_____
Neil V. Wake
United States District Judge