**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC, | No. CV-11-01056-PHX-NVW |
| Plaintiff/Counterdefendant, | **ORDER** |
| v. | |
| Gaspari Nutrition, Inc., et al., | |
| Defendants/Counterclaimants. | |

Before the Court are three requests for attorneys' fees: Gaspari Nutrition, Inc.'s Application for Attorneys' Fees (Doc. 405), ThermoLife's Motion for an Award of Attorneys' Fees and Non-Taxable Expenses Related to GNI's Counterclaims (Doc. 398), and Plaintiff's Application for Attorneys' Fees Related to Discovery Master's Award of Sanctions (Doc. 396). In deciding these requests, the Court does not consider Gaspari Nutrition, Inc.'s Notice of Evidence Relevant to a Finding of Exceptionality (Doc. 387) and GNI's response (Doc. 389), which were filed without leave of court or other authorization.

**I.    BACKGROUND**

ThermoLife International, LLC ("TLI") and Gaspari Nutrition, Inc. ("GNI") have been competitors in the business of selling dietary supplement products related to bodybuilding. In its First Amended Complaint, TLI alleged eleven counts, nine of which were for false advertising under 15 U.S.C. § 1125(a)(1)(B), which is § 43(a)(1)(B) of the Lanham Act. The First Amended Complaint also alleged common law unfair competition and tortious interference with business and business expectancy. In its

Counterclaim, GNI alleged unfair competition, trade disparagement, and, under 15 U.S.C. § 1125(a), false designations of origin, false descriptions, false advertising, and unfair competition.

On January 10, 2014, four motions by GNI and two motions by TLI to exclude all or portions of the opposing party's expert witness evidence were granted, and both parties' motions for summary judgment were granted. (Doc. 391.) In addition, two motions by TLI for sanctions were denied. (*Id.*) On January 27, 2014, the Court ruled that, although each party prevailed on its motion for summary judgment, only one party is permitted to recover taxable costs, GNI was the prevailing party in net, and therefore GNI was entitled to recovery of taxable costs that were not pertinent only to prosecution of GNI's unsuccessful counterclaims. (Doc. 406.)

## II.   LEGAL STANDARD

Both parties seek fees under 15 U.S.C. § 1117(a), which provides that the court may award reasonable attorneys' fees to the prevailing party on § 1125(a) claims in exceptional cases. Section 1117(a) "*permits*, but does not mandate, an award of attorneys' fees to a prevailing party in 'exceptional circumstances.'" *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000). Awards under § 1117(a) "are never automatic and may be limited by equitable considerations." *Perfumebay.com Inc. v. eBay, Inc.*, 506 F.3d 1165, 1178 (9th Cir. 2007) (quoting *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 711 (9th Cir. 1999)).

An action may be considered "exceptional" when a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith. *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co., Ltd.*, 668 F.3d 677, 687 (9th Cir. 2012). "The line distinguishing exceptional cases from non-exceptional cases is far from clear. It is especially fuzzy where the *defendant* prevails due to plaintiff's failure of proof." *Id.* "[E]xceptional cases include instances where plaintiff's case is frivolous or completely lacking in merit." *Id.* Animosity between parties alone does not make a case exceptional. *See Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997).

## III. ANALYSIS

GNI seeks an award of $1,743,053.13 for attorneys' fees and $343,643.60 for its expert witness fees. GNI contends this is an exceptional case because TLI's claims were groundless and TLI acted in bad faith throughout the litigation. GNI particularly points to TLI's conduct outside of the litigation as evidence of bad faith.

TLI does not believe a fee award is appropriate in this case, but contends that if there is any basis for awarding GNI fees for prevailing on TLI's claims, the same basis exists for awarding TLI fees for prevailing on GNI's counterclaims. TLI contends that GNI's counterclaims were baseless and GNI engaged in litigation misconduct, particularly regarding discovery. To the extent that the Court finds that fees are appropriate for either party, TLI requests an award in the amount of $384,101.75 for fees and $163,230.42 for non-taxable costs incurred defending against GNI's counterclaims. This includes $123,768.80 for the cost of electronically stored discovery.

TLI also seeks attorneys' fees related to the Discovery Master's award of sanctions. (Docs. 239, 309.) TLI seeks an award of $5,672.50, but only $1,657.50 if granted its fee request related to prevailing on GNI's counterclaims.

This is one of those cases where the line distinguishing exceptional cases from non-exceptional cases is "especially fuzzy." Neither party was successful on any of its claims. Both parties rely on the Court's January 10, 2014 Order to support their contentions that the opposing party's claims were groundless even though the Order did not address whether the claims *completely* lacked merit. And the record shows misconduct and overlitigation by both parties. It would be possible to examine the fee requests in detail, eliminate certain categories such as expert witness fees, reduce and/or shift discovery fees and expenses based on fault, and determine whether either party would be entitled to any award after offset. However, equitable considerations support denial of all of the fee requests without doing further calculation and weighing.

Therefore, it is unnecessary to decide which side of the line this case falls on because fees will be denied to both parties regardless of exceptionality.

IT IS THEREFORE ORDERED that Gaspari Nutrition, Inc.'s Application for Attorneys' Fees (Doc. 405) is **denied**, ThermoLife's Motion for an Award of Attorneys' Fees and Non-Taxable Expenses Related to GNI's Counterclaims (Doc. 398) is **denied**, and Plaintiff's Application for Attorneys' Fees Related to Discovery Master's Award of Sanctions (Doc. 396) is **denied**.

Dated this 13th day of March, 2014.

_____
Neil V. Wake
United States District Judge